IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-22-H

IN RE: CLARENDON HOLDINGS, LLC, )
                                )
    Debtor.                     )
                                )
_____ )           **ORDER**
                                )
                                )
GATEWAY BANK AND TRUST COMPANY, )
                                )
    Creditor-Appellant.         )


This matter is before the court on a motion to stay filed by Gateway Bank and Trust Company ("Gateway"). On December 20, 2011, the bankruptcy court entered an order confirming a Chapter 11 plan of reorganization in In re Clarendon Holdings, LLC, No. 11-02479-8-SWH (Bankr. E.D.N.C.). Gateway, a secured creditor, has appealed the bankruptcy court's order and now seeks to stay enforcement of the confirmation order pending resolution of its appeal to this court.

Rule 8005 of the Bankruptcy Rules authorizes the district court to stay enforcement of a bankruptcy court order pending appeal. In determining whether to issue a stay, the court utilizes the hardship balancing test. Under this test, Gateway must demonstrate (1) that it is likely to succeed on the merits of its appeal; (2) that it is likely to suffer irreparable harm

absent a stay; (3) that other parties will not be substantially harmed by a stay; and (4) that the public interest will be served by staying the bankruptcy court's order. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). All four requirements must be met. Id.

Gateway seeks to stay the bankruptcy court's order confirming a "dirt for debt" plan in which the debtor will surrender to Gateway the real property that serves as collateral for Gateway's secured lien. Under the plan, the debtor will receive a credit equal to the fair market value of the real property, with the deficiency being treated as an unsecured claim. Gateway contends that the plan is not fair and equitable because it fails to provide Gateway with the indubitable equivalent of its claim. Gateway maintains that the property should be valued based on its liquidation value and that absent a stay, the debtor will make pro rata distributions to its unsecured creditors to the detriment of Gateway.

The court has thoroughly reviewed the parties' briefs and the record in this matter. The court finds that Gateway has not demonstrated that it is likely to suffer irreparable harm absent a stay of the bankruptcy court's order. Gateway's motion to stay [DE #1] is therefore DENIED. Gateway's appeal having been docketed as a separate action and no further proceedings being

necessary in this action, the clerk is directed to close this case.

This 14th day of February 2012.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31